UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22004-CIV-COHN/Snow
04-21018-CR-COHN/Snow

LORENZO LAMAR BROWN, II,

       Movant,

vs.

UNITED STATES OF AMERICA,

       Respondent.



### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

### I. PROCEDURAL HISTORY

The movant was charged by indictment on December 17, 2004, with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On May 5, 2005, the movant entered a plea of guilty to the indictment, pursuant to a written plea agreement. The plea agreement provided, in pertinent part:

> 2. The defendant is aware that the Court must consider the <u>Sentencing Guidelines and Policy Statements</u> in deciding the sentence that will be imposed. The defendant acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty . . . .

> 3. The defendant also understands and acknowledges that the court must impose a minimum term of 10 years imprisonment and may impose a statutory maximum term of imprisonment of up [sic] life imprisonment, followed by a term of supervised release of at least 5 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.
>
> * * * *
>
> 5. . . . Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, [the Office of the United States Attorney for the Southern District of Florida] further reserves the right to make any recommendations as to the quality and quantity of punishment.
>
> 6. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant is safety valve eligible and that he be sentenced at the low end of the guidelines range, as that range is determined by the court. However, the United States will not be required to make these recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct. . . .

(Plea Agreement, Exhibit A to Government's Answer, at 1-3.)

During the plea colloquy, the movant stated, under oath, that he understood the potential penalties that could be imposed based on his guilty plea, that the court was required to compute an advisory sentence under the guidelines that the court had the

2

authority to impose any sentence up to the statutory maximum. The movant also acknowledged that he had read the written plea agreement before he signed it, that he had a full opportunity to discuss the terms and conditions of the plea agreement with his lawyer and that he understood those terms. (Change of Plea Hearing, Exhibit B to Government's Answer, at 10, 13, 16-17, 24.)

The movant was sentenced on August 2, 2005. At sentencing, counsel for the movant objected to the quantity of narcotics computed in the Presentence Investigation Report (PSR) on the ground that it was inconsistent with the provisions of the plea agreement. This objection was sustained, and the Court found that the movant was responsible for five kilograms of cocaine, resulting in a base offense level of 32. (Sentencing Hearing, Exhibit C to Government's Answer, at 3-4.)

Counsel for the movant also objected to the Probation Officer's conclusion that the movant did not qualify for the Safety Valve provision of the Sentencing Guidelines. The prosecutor advised the Court that he met personally with the movant and discussed with him the requirements of the Safety Valve provision, as well as the requirements for downward departures under Sentencing Guidelines § 5K1.1. The prosecutor informed the movant that in order to qualify for sentence reductions under either of those provisions, the movant would be required to identify the source of supply for the cocaine. The movant stated that he could not give up that person, even after the prosecutor explained that

the difference in the movant's sentence would be six or seven years. Id. at 4-5.

Based on the movant's refusal to name his source of supply, the Government advocated that the movant receive only two points for acceptance of responsibility, and that he not be deemed eligible for the Safety Valve provision. Therefore, the applicable offense level, as reduced by two points for acceptance of responsibility, would be 30. Counsel for the movant strenuously argued that the movant should receive three points for acceptance of responsibility and the benefit of the Safety Valve, but the Court determined that the applicable offense level was 30. The movant spoke on his own behalf, but did not contradict the prosecutor's statements or indicate that he did not understand what was required of him in order to qualify for the Safety Valve. The Court imposed the mandatory minimum sentence of 120 months imprisonment and a five-year term of supervised release. Id. at 5-10, 12-13.

In the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the movant argues that he was denied his right to effective assistance of counsel at sentencing because his lawyer (1) failed to object to the Court's refusal to find him eligible for the Safety Valve Provision and (2) did not attend the movant's debriefing or advise him on the manner and method of submitting a truthful and complete statement to the Government for purposes of the Safety Valve provision.

## II. RECOMMENDATIONS OF LAW

The standards which must be applied in determining what constitutes ineffective assistance of counsel are set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). There the court held that "the proper standard of attorney performance is that of reasonably effective assistance," and that the burden is on the defendant to demonstrate that "counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 687-688. In determining whether the defendant has met this burden,

> . . . a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

<u>Id.</u> at 690.

The "burden of proof for showing ineffective assistance of counsel is, and remains, on petitioner throughout a habeas corpus proceeding." <u>Roberts v. Wainwright</u>, 666 F.2d 517, 519 n.3 (11th Cir. 1982). See also, <u>Jones v. Kemp</u>, 678 F.2d 929, 932 (11th Cir. 1982). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, <u>supra</u>, at 694.

5

In the instant case, the movant first contends that his lawyer's performance was deficient because he failed to object to the Court's refusal to find him eligible for the Safety Valve provision. As set forth above, counsel for the movant did make this objection and argued to the Court that the movant should receive the benefit of the Safety Valve.

The movant also argues that his lawyer failed to attend his debriefing and did not advise him on how to make a truthful and complete statement for purposes of the Safety Valve. The contents of the plea and sentencing proceedings furnish a sufficient factual background in and of themselves for the resolution of the movant's claim. United States v. Russell, 776 F.2d 955, 956 (11th Cir. 1988). Statements made at the time a plea was entered carry a strong presumption of veracity and form a "formidable barrier" in subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Unless there is evidence in the record which indicates that defense counsel created a false impression as to the plea agreement, a reviewing court must rely on the plea colloquy and the signed plea agreement for the proposition that the movant understood the agreement. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.10 (11th Cir. 1987).

The movant's plea agreement specifically stated that the Government was not bound to recommend that the movant receive three points for acceptance of responsibility or the benefit of the

6

Safety Valve if he failed or refused to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct. The prosecutor stated that he made it clear to the movant that he would not receive the benefit of either sentence reduction if he failed to identify his source of supply. Nevertheless, the movant repeatedly stated that he could not give up that person. When the movant spoke on his own behalf at sentencing, he did not dispute the prosecutor's statement.

There is no support in the record for the movant's claim that he was prejudiced by errors committed by his counsel, and the movant is not entitled to § 2255 relief on the grounds asserted in his motion.

### III. CONCLUSION

This Court has reviewed carefully the record in this matter as well as the applicable law, and being fully advised in the premises, it is hereby

RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable KEYBOARD(), United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir.

1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 20th day of December, 2006.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Anthony LaCosta (MIA)

Richard Della Fera, Esq.