
SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22004-CIV-COHN/SNOW

LORENZO BROWN,

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report and Recommendation regarding Movant Lorenzo Brown's § 2255 Motion, submitted by United States Magistrate Judge Lurana Snow on December 20, 2006 [DE 6]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion [DE 1], the Report and Recommendation [DE 6], and Movant's Objections [DE 7], and is otherwise fully advised in the premises.

Movant first objects to the Magistrate Judge's finding that his counsel had adequately objected during his sentencing hearing to the failure of the Government to support the application of the Safety Valve provision of the Sentencing Guidelines. Movant argues that although his counsel did make this objection, he abandoned it over the course of the sentencing hearing. The record simply does not support this argument. At the sentencing hearing, Movant's counsel raised an objection to the presentence investigative report's finding that Movant did not qualify under the Safety Valve provision. In response to this objection, the Government explained that despite having articulated the consequences for him, Movant had declined to provide the name

of his supplier, and thus was not eligible for the Safety Valve because he had failed to make a full and complete disclosure regarding his offense. Further, the Government explained that it wished to withdraw one of the three points for acceptance of responsibility, based on Movant's unwillingness to provide this information. Movant's counsel then presented an argument that Movant's unwillingness to give up his supplier and his statement "this is on me" should warrant the awarding of all three points for acceptance of responsibility because this behavior evidences a full acknowledgment of his responsibility in the matter.

Contrary to Movant's arguments, his counsel did make an objection to the Government's position that he did not qualify for safety valve provision, and that objection was ruled upon. The Court finds that Movant's counsel did not abandon this objection. To the extent that he did not continue to push the point during the sentencing hearing, it is evident that he was using the fact of Movant's unwillingness to give up his supplier to advocate the position that Movant should be awarded the full three points for acceptance of responsibility, an alternative basis on which the Movant could obtain a lesser sentence. Even if this choice did constitute abandonment of the objection, it would still have been a strategic choice by counsel that this Court may not now second guess. The Supreme Court has articulated the reasons for this deferential standard:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

> overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant is unable to overcome this strong presumption simply by asserting that his counsel abandoned the Safety Valve objection, particularly where the evidence in the record establishes that his counsel neither abandoned the objection nor acted outside the range of reasonable professional assistance. Accordingly, Movant's first objection is without merit, and the Court agrees with the Magistrate Judge in finding nothing inadequate in counsel's representation regarding the Safety Valve issues.

Movant next objects to the Magistrate Judge's finding that the record is an adequate basis on which to resolve his 2255 claims without need for a hearing. The Magistrate Judge concluded that the plea agreement and transcript of the plea colloquy provided adequate evidence to evaluate Movant's claims. Movant argues in his Objections that there is nothing in the record to address what steps, if any, his counsel took to advise him upon learning that the Government was dissatisfied with his Safety Valve statement. Movant objects to the Magistrate Judge's reliance on the plea agreement and conclusion that Movant was adequately informed regarding the application of the Safety Valve provision and its requirements. Movant also objects to the Magistrate Judge's citation to the prosecutor's admonishment to Movant regarding the potential consequences of his unwillingness to name his supplier, arguing that it is the performance of Movant's counsel that is relevant, not that of the prosecutor.

As the Magistrate Judge explained, the Strickland standard requires that Movant show not only that his counsel provided inadequate assistance but also that his

3

counsel's actions caused him prejudice. Therefore, even if Movant's counsel had entirely failed to advise him of any potential consequences arising out of his unwillingness to cooperate, he still must show that this failure caused him prejudice. This he cannot do, because the plea agreement and plea colloquy establish that regardless of what his counsel did or did not tell him, Movant was adequately advised of the requirements for obtaining the Safety Valve and the potential consequences of not living up to those requirements. Thus, as the Magistrate Judge explained, unless evidence is presented to show that defense counsel created a false impression as to the plea agreement, which Movant does not allege, the Court should rely on the plea colloquy and signed plea agreement to establish that the Movant understood the agreement. See United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.10 (11th Cir. 1987). The Court agrees with the Magistrate Judge that the contents of the plea agreement, Movant's acknowledgment that he had read and understood the agreement, and the prosecutor's explanation of the steps he took to explain the consequences of not providing the source's identity are more than adequate bases on which to find that the Movant was fully apprised of the potential consequences of his decision not to make a full and complete disclosure and could not have been prejudiced by any failure on the part of his counsel.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Lurana S. Snow [DE 6] is hereby **ADOPTED**.

4

2. Movant Lorenzo Brown's Motion [DE 1] is **DENIED**.

3. The Clerk of Court is hereby directed to **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of January, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Richard F. Della Fera, Esq.
Anthony W. Lacosta, AUSA